IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON GARBER,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )     Civil Action No. 20-1323
                                       )
ALICE C. GARBER                        )
a/k/a ALICE CATHERINE                  )
GARBER HENSLEY,                        )
                                       )
                    Defendant.         )


## **MEMORANDUM OPINION**

Presently before the Court is the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Brief in Support filed by Defendant Alice C. Garber a/k/a Alice Catherine Garber Hensley (Docket No. 5), the response in opposition thereto filed by Plaintiff Jason Garber (Docket No. 8), and Defendant's reply (Docket No. 11).  For the reasons set forth herein, Defendant's motion to dismiss is denied.

### I.    **Background**

As alleged in the Complaint, Defendant is the owner of certain real property located in Westmoreland County, Pennsylvania.  (Docket No. 1-3 at 2-4, ¶ 3).  Plaintiff alleges that on March 29, 2017, he as buyer and Defendant as seller entered into a written agreement (id. at 7-8 (hereinafter, "Agreement")) providing for the sale of such property.  (Id. at 4, ¶ 4).  According to the Agreement, Plaintiff agreed to pay $58,000.00[1] as the total purchase price for the property and Defendant agreed "to warrant and convey good and marketable title to be sold free and clear of all liens, encumbrances, liabilities and adverse claims of every nature and description."  (Id. at 4, ¶ 5).

---

[1]    Defendant asserts that the property has a market value of approximately $240,000.00.  (Docket No. 1, ¶ 5).

Although the Agreement indicated that "[t]ime is off the essence," no closing date was specified therein as the parties agreed "to transfer title on or before 00/00/00." (Id. at 4, ¶ 5; 7).

The Complaint further alleges that "[i]n anticipation of the closing and in preparation to finalize the purchase, Plaintiff made numerous payments towards the outstanding mortgage on the subject property at the behest of, for the benefit of and on behalf of Defendant," and that such "amounts were to be credited at the time of closing towards the purchase price." (Docket No. 1-3 at 4, ¶ 6). Plaintiff avers that he also incurred various other expenses in connection with the expected sale, "including tree removal, landscaping and numerous repairs of the premises and property as well as other amounts incidental to his preparations being made for closing." (Id. at 4, ¶ 7). Plaintiff asserts that he "was, and continues to be, ready, willing and able to close the sale of the subject property as agreed upon," but that "[i]n contravention of" the Agreement, "Defendant entered into an agreement of sale and scheduled a closing to sell the subject property to another party." (Id. at 4-5, ¶¶ 8, 9). When Plaintiff learned of the scheduled closing, he filed a Praecipe for Writ of Summons in Equity – Index as Lis Pendens in the Court of Common Pleas of Westmoreland County, Pennsylvania. (Id. at 5, ¶ 9).

Plaintiff filed his Complaint in state court and included two Counts: (I) Specific Performance, and (II) Breach of Contract. (Docket No. 1-3). Defendant subsequently removed the matter to Federal Court and has filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is the motion that is currently before the Court.

II.   **Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint,

2

the plaintiff may be entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555 (additional quotation marks and internal citation omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).  Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (internal citation omitted)).

### III.    Legal Analysis

#### A.  Count I:  Specific Performance

In Count I of his Complaint, Plaintiff requests that the Court order:  Defendant to deliver to him title to the property at issue pursuant to her obligations under the Agreement, and Defendant to apply the appropriate credit to the sale purchase price in the amounts to be proven at trial; Defendant to perform specifically the Agreement between the parties; Defendant to convey to Plaintiff marketable title; and that costs and reasonable attorney fees be awarded to Plaintiff. (Docket No. 1-3 at 5, "Wherefore" clause).  In her motion, Defendant asks the Court to dismiss Count I of the Complaint, arguing that Plaintiff has not alleged that he has performed his obligations under the Agreement's terms.  Specifically, Defendant asserts that Plaintiff admittedly has not paid the $58,000.00 to Plaintiff as the Agreement provides, but instead alleges that he has made only approximately $30,000.00 in payments thus far.

Under Pennsylvania law, "[f]rom the moment an agreement of sale of real estate is executed and delivered it vests in the grantee what is known as an equitable title to the real estate." Payne v. Clark, 187 A.2d 769, 770 (Pa. 1963) (citing Ladner on Conveyancing in Pennsylvania, § 5:26 (3d ed. 1961)).  "Hence, if the terms of the agreement are violated by the vendor, the vendee may go into a court of equity seeking to enforce the contract and to compel specific performance." Id. at 770-71 (citing Borie v. Satterthwaite, 37 A. 102 (Pa. 1897), and Agnew v. Southern Ave. Land Co., 53 A. 752 (Pa. 1902)).  While courts "have the power to grant specific performance, the exercise of the power is discretionary.  In other words, such a decree is of grace and not of right." Id. at 771 (citing Mrahunec v. Fausti, 121 A.2d 878 (Pa. 1956)).  Thus, such relief "should only be granted where the facts clearly establish the plaintiff's right thereto; where no adequate remedy at

law exists; and, where the [judge] believes that justice requires it."  Id. (citing Roth v. Hartl, 75 A.2d 583 (Pa. 1950), and Mrahunec v. Fausti, 121 A.2d at 878).

According to the facts alleged in the Complaint, Plaintiff "was, and continues to be, ready, willing and able to close the sale of the subject property as agreed upon," but Defendant instead entered into another agreement to sell the property to a different party without Plaintiff's knowledge or consent, which Plaintiff then interrupted with court action.  (Docket No. 1-3 at 4-5, ¶¶ 8, 9).  Plaintiff also avers that, since the parties entered into their Agreement, he has made partial payments toward the purchase price of the property by making mortgage payments and has incurred other expenses in improving the property, and that he has acquired an equitable interest in the property.  (Id. ¶¶ 6, 7, 10).  Additionally, Plaintiff contends in his brief that his payments towards the purchase price (and expenditures to improve the property) constitute performance of the Agreement in part, which has been accepted by Defendant.  (Docket No. 8 at 5).  The facts surrounding Plaintiff's payments are thus not as clear-cut as Defendant argues, since Plaintiff alleges that he made payments toward the purchase price at the behest of Defendant and which Defendant accepted, and that Plaintiff was and is able to close the sale as agreed upon, but that Defendant instead agreed to sell the property to another party.  Therefore, upon review of the Complaint, the Court finds that Plaintiff has adequately alleged facts that, if shown to be true, demonstrate a plausible claim for his entitlement to the relief requested.

Defendant also argues that, even if Plaintiff has made sufficient allegations to meet his burden to show entitlement to specific performance, Plaintiff is precluded from seeking such relief because of his delay in waiting three years and four months to attempt to enforce the Agreement. However, with regard to the timeliness of Plaintiff's request, since no closing date is specified in the Agreement, the Court may presume that a reasonable time was intended by the parties, and

"[r]easonableness is a question for the fact-finder and determined by consideration of all existing circumstances."  Reagan v. D. & D. Builders, Inc., 419 A.2d 700, 702 (Pa. Super. Ct. 1980).  Upon consideration of the facts alleged, the Court does not agree with Defendant's contention that a "reasonable" time has clearly passed here, particularly since Plaintiff allegedly has made partial payments toward the purchase price (totaling over half of that purchase price), at Defendant's behest, which she has accepted, during that time.  See, e.g., Heights Land Co. v. Swengel's Estate, 179 A. 431 (Pa. 1935) (compare where the court did, in fact, find extreme delay barring the granting of specific performance of an agreement to sell land, where an action was begun over eight years after the first and only payment was made, and nearly six years after the date specifying that performance of the contract was to be completed).

Accordingly, Defendant's motion to dismiss Plaintiff's claim seeking specific performance in Count I of the Complaint will be denied.

## B.  Count II:  Breach of Contract

Defendant argues that Plaintiff has failed to allege any of the required elements of a breach of contract claim in Count II of his Complaint.  Rather than addressing the plausibility of a claim for breach of the Agreement attached to the Complaint, however, Defendant contends that Plaintiff appears to be attempting to enforce a contract separate from that Agreement, "wherein Defendant agreed to accept partial payments over time for the property and Plaintiff was entitled to credit such payments against the purchase price."  (Docket No. 5 at 6).

In order to establish a breach of contract claim under Pennsylvania law, a plaintiff must plead and prove:  "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (citing Gen. State Auth. v. Coleman Cable & Wire Co., 365

A.2d 1347, 1349 (Pa. Commw. Ct. 1976)).  Upon review of the Complaint, the Court notes that Plaintiff alleges that:  1) the parties entered into the Agreement attached to the Complaint; 2) Defendant breached the Agreement by refusing to convey title to the property in exchange for the agreed upon consideration and by attempting to sell the property to another party without Plaintiff's knowledge or consent; and 3) Defendant has incurred financial losses as a result. (Docket No. 1-3 at 4-6, ¶¶ 4, 9, 13-15).  Although the Court recognizes that Plaintiff has alleged additional facts to be considered alongside the various terms set forth in the parties' Agreement, the inclusion of such allegations does not nullify the averments that set forth a plausible breach of contract claim based on that Agreement.  The Court therefore finds that Plaintiff has adequately pled the necessary elements to state a plausible breach of contract claim under Pennsylvania law.

Accordingly, Defendant's motion to dismiss Plaintiff's claim for breach of contract in Count II of the Complaint will be denied.

## IV.    Conclusion

For the reasons stated, Defendant's motion to dismiss is denied.

An appropriate Order follows.


Dated:  September 15, 2021                          *s/ W. Scott Hardy*_____
                                                    W. Scott Hardy
                                                    United States District Judge


cc/ecf:  All counsel of record